## KAUFMAN & CO. v. BARB.

EMANCIPATION PROCLAMATION.—The emancipation proclamation of January 1, 1863, did not liberate and free the slaves in the insurrectionary States, outside the lines of occupation of the national forces.

PLEADING—*Presumption of facts.*—Pleas are taken most strongly against the party pleading, and a plea, not averring that the sale took place within the Federal lines, or that the negro man had ever been within them after the proclamation of January 1, 1863, the presumption is against such facts.

*Appeal from Independence Circuit Court.*

HON. ELISHA BAXTER, Circuit Judge.

*Watkins & Rose*, for appellants.

*Byers & Cox*, for appellee.

HARRISON, J.

This was a suit on a writing obligatory, executed by the defendant to Hirsch & Adler, and assigned by them to the plaintiffs.

The defendant filed nine pleas. The *first* and *second* were, on the plaintiff's motion, struck out, and they took issue to the *ninth*, and demurred to the others.

The court sustained the demurrers to the *third*, *seventh* and *eighth* pleas, but overruled those to the *fourth*, *fifth* and *sixth*, and, without disposing of the issues taken to the *ninth*, rendered final judgment against the plaintiffs.

The fourth, fifth and sixth pleas, though varying. somewhat in language, were, in substance the same, and the defense set up in them was, that the instrument sued on was given for a negro man, purchased by the defendant from Hirsch & Adler, in Independence county, in this State, on the 10th day of July, 1863, that had been emancipated and freed by the proclamation of the President of the United States, of September 1, 1862, and January 1, 1863, and therefore without consideration.

It was not averred, in the pleas, that the county of Independence was within the territorial lines when the sale was made, or that the negro man had ever been within them after the proclamation of January 1, 1863; and as every body is presumed to make the most of his own case, and it is a maxim of construction that every thing shall be taken most strongly against the party pleading, the presumption is against such facts.

In *Dorris v. Grace, 24 Ark. 326*, it was decided that the

emancipation proclamation did not liberate and free the slaves in the insurrectionary States, outside the lines of occupation of the national forces. Of the correctness of the decision in that case, we think there can be no doubt, and as it is conclusive of the question presented in this, the judgment of the court below is reversed, and this cause remanded to it, with instructions to sustain the demurrers to the fourth, fifth and sixth pleas, and proceed to the trial or disposal of the issue formed on the ninth, and otherwise in accordance with law.

McCLURE, J., dissenting, says:

It seems that Barb, on the 10th day of July, 1863, purchased a negro slave from Hirsch & Adler, for the sum of thirteen hundred and twenty-five dollars, and in payment thereof executed his note for that amount, payable "twelve months after the expiration of the (then) present war." This note was assigned to Kaufman & Co., who brought suit on the same.

Barb, in his fourth plea, alleges "that on the 1st day of September, 1862, Abraham Lincoln, then President of the United States, issued his proclamation, warning the citizens of certain States, then in rebellion against the said United States. including the State of Arkansas, and the county of Independence, aforesaid, to return to their allegiance to said government on pain of forfeiture of all the slaves within said certain States. * * * And the said defendant further avers, that, on the 1st of January, 1863, the said Abraham Lincoln, President as aforesaid, and as commander-in-chief of the army and navy of the United States, issued his second proclamation, emancipating and freeing, absolutely, all slaves within certain States, therein mentioned, as continuing in rebellion, including the said State of Arkansas, and said county of Independence. * * * That on the 3d day of May, 1862, the forces of said United States government, under the command of Major General Samuel Curtis, occupied the county of Independence, aforesaid, and established the head quarters of

the military district, including the said State of Arkansas, at Batesville, in said county; that said head quarters were afterwards removed to Helena, in the county of Phillips, in said State, and remained there until the close of the war; that from and after the first occupation of said county of Independence, and that portion of the said State of Arkansas surrounding said county of Independence, the said United States authority claimed the same was within their military lines and jurisdiction; and, for the greater portion of the time, actually occupied and controlled the said county of Independence; that Hirsch & Adler, at the county of Independence, aforesaid, well knowing (on the 10th of July, 1863) that said negro was, by virtue of said proclamation, of right and by the irresistible power of the said United States forces, in fact free, fraudulently induced the said defendant to purchase from them said negro man; that trusting in the said fraudulent representations and promises of the said Hirsch & Adler, he, in total ignorance of said proclamation, purchased said negro from them, and then and there executed the said writing obligatory, and for no other consideration whatever; that the contract was made in violation of the said proclamation and the law of the land, and that said writing obligatory is null and void, etc.

The majority of the court say that " it is not averred in the pleas that the county of Independence was within the Federal lines when the sale was made." I have quoted at some length from one of the pleas, and am of opinion that the averment is made with sufficient precision and certainty. The fourth plea from which I have quoted, was demurred to, and the demurrer was overruled. The majority now direct that the court below shall sustain the demurrer to this and certain other pleas.

In my opinion, the defense set up by the plea is a good one, for the demurrer admits that the sale of the slave was made to Barb at a time when the Federal forces were in the occupation of the county of Independence, and at a time when the emancipation proclamation had been in effect for more than six months, and that Hirsch & Adler were aware of this fact. The

reason assigned by the court in *Dorris v. Grace, (24 Ark. 330)* for sustaining the demurrer to the plea in that case, was, that " the *enemy*," (and, by the use of this word "enemy," I suppose we are to understand the forces of the United States,) "had not extended his lines to Pine Bluff," but in this case the Federal forces are admitted to be in possession of the county of Independence, at the time the sale was made. The majority of the court may endorse an opinion which speaks of the army of the United States as an "*enemy*," as much as they are a mind to, but I shall do no such thing.

I concur with the majority in remanding the cause.